IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:14-CV-222-FL

| | |
|---|---|
| CORPORATE WEB SOLUTIONS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CONSENT PROTECTIVE ORDER |
| ) | |
| SAGEWORKS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE came on to be heard upon the joint motion of Plaintiff Corporate Web Solutions, Ltd. and Defendant Sageworks, Inc.; and it appearing to the Court that discovery and the trial in this action may involve the production and disclosure of confidential, proprietary, or sensitive information requiring protection against unrestricted disclosure or use;

THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery in this action:

1.  Certain information and documents to be produced by Plaintiff and Defendant during discovery in this litigation may contain trade secrets or other proprietary, confidential research, development, or commercial information that should be considered confidential and protected from unreasonable disclosure pursuant to Fed. R. Civ. P. 26(c).

2.  The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Consent Protective Order ("this Order") shall include, without limitation, all documents or information whether in hard copy or electronic form

1

designated in accordance with the terms of this Order and supplied in response to the demands or requests of either party, formal or informal, regardless of whether said information is produced or disclosed by a party or by any affiliated person or entity, or formerly affiliated person or entity.

3. All information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with the terms of this Order and disclosed in discovery in this action shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose.

4. "Discovery Material" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this action. Any party may, in good faith, designate Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Discovery Material designated "CONFIDENTIAL" shall contain proprietary information, whether personal or business-related. Certain limited types of "CONFIDENTIAL" information may be alternatively designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES' ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." The "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, and business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Discovery Material. The "HIGHLY

CONFIDENTIAL – SOURCE CODE" designation shall be reserved for confidential information that comprises or includes confidential, proprietary, or trade secret source code. "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information, as used in this Order, shall refer to any information so designated.

5. All information designated "CONFIDENTIAL" shall be maintained in confidence by the parties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

    a. The Court (including court reporters, stenographic reporters and videographers, and court personnel);

    b. The attorneys of record, their partners, employees, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

    c. Officers or employees of Plaintiff in this action, and officers and employees of Defendant in this action; provided, that such officers or employees shall receive such "CONFIDENTIAL" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

    d. Subject to the terms of Paragraph 17 below, experts and their staff, contractors, and litigation support personnel and their staff retained by Outside Counsel in this litigation; and

    e. Any other person as to whom the producing party agrees in writing prior to such disclosure.

6. All information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be maintained in confidence for use by the attorneys of the parties, shall be

used solely for the purposes of this litigation, and shall not be disclosed to any person except those listed in subparagraphs 5(a), (b), (d) and (e) above.

7. Information which shall be presumptively HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY includes information concerning previously non-publicly known future product designs; future business plans; unpublished and pending patent applications; the identities and addresses of a company's customers; and other HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY commercial information. If the information is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party, and counsel for the non-producing party believes that the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation is not necessary and desires to show the information to the non-producing party, counsel for the non-producing party will notify counsel for the producing party of its belief that the information should not be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Said designation may be challenged using the procedure set forth in Paragraph 10 of this Order.

8. To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

   a. Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 9 below, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 5 and 6 above.

b.      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party may not monitor, visually or otherwise, the activities of the receiving party's representatives during any source code review without the receiving party's consent. If the receiving party feels that an electronic copy of any source code is needed on a recordable media or recordable device, absent the producing party's agreement, the receiving party may apply to this Court to request such a copy if good cause can be shown.

c.      The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (b) above in the first instance. The producing party shall provide all such source code in paper form including Bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 10 of this Order.

d.      The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.

5

The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

9. Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to systems, methods or computer programs related to financial analysis, including, without limitation, the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* re-examination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10. Nothing in the Order shall be taken as assent by a non-producing party that designated information is in fact "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. If counsel for the non-producing party believes that a confidentiality designation is not appropriate or justified, counsel for the non-producing party will notify counsel for the producing party of its belief that the information should not be so designated or should be disclosable to persons other than those allowed by this order. A party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If the parties do not reach agreement on the correct designation of the information within twenty (20) business days of service of a challenge, the non-producing party may file a motion with the Court setting forth the non-producing party's reasons as to why the designation should be changed. Unless and until the Court issues a ruling that the information may be disclosed to persons other than those authorized by this Order, the contested designation shall remain in place and treated consistently with the terms of this Order.

11. Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

12. No designation of documents as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be effective unless there is placed or affixed on such document a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium and its protective cover, if any. Testimony given at a deposition or hearing may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with the provisions of Paragraph 21 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order.

13. All "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall be maintained under the control of Outside Counsel, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

14. Absent written permission from the designating party or a Court order secured after appropriate notice to all interested persons, all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information or documents filed with the Court shall be filed in accordance with Local Civil Rule 79.2, EDNC, and any other applicable rules of this Court. The parties acknowledge that this Order creates no entitlement to file "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information or documents under seal; the party seeking to file "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information or documents under seal shall follow the procedures specified herein and by the Local Rules and described below. Before filing any information that has been designated with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the material so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, with notice served upon the producing party. The filing of materials under seal shall not be binding on the Court, however. Within seven (7) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law as described below. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

15. Each time a party seeks to file under seal "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information or documents, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

16. Information produced by non-parties during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by following the procedures set forth herein or may be deemed so confidential as not to be disclosed under any circumstances. Information so designated and produced by third parties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A producing non-party shall have all the rights of a producing party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

17. Prior to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any third parties, to include persons employed to act as outside consultants or experts, translators, or interpreters in this action, counsel for the party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as Exhibit A, the original of which shall be promptly provided to opposing counsel and a copy thereof served on all other counsel. Nothing in this Order shall be construed as requiring: i) that routine outside suppliers of litigation support services such as photocopying, scanning, or coding execute the attached Nondisclosure Agreement; or ii) that the opposing party utilizing such services must disclose the identity of such service suppliers to the opposing party or counsel prior to the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, however, information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be disclosed to any third parties, to include routine outside suppliers absent the express written consent of the producing party.

18. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that it has produced or disclosed in this litigation.

19. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information if the parties to this action and, if applicable, the non-party from which the material originated, consent, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may at

any time request the Court, after notice to the opposing party and to the non-party from which the material originated, if applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information.

20. Nothing herein shall prohibit a party, or its counsel, from disclosing any document designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have already viewed the document or information or been told of its contents.

21. Information disclosed at a deposition may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by indicating on the record at the deposition that the information is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" and is subject to the provisions of this Order. All such portions of the transcript shall be appropriately marked by the court reporter and shall be treated by the parties as set forth herein. Testimony in a deposition may also be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by notifying the deposing party in writing within twenty-one (21) days of the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," as the case may be. No deposition may be read by anyone other than the deponent, the attorneys for the parties, and

those qualified to see "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" material, as applicable, under Paragraphs 5, 6, and 9 during the twenty-one (21) day period following a deposition unless otherwise agreed upon among the attorneys. Upon being informed that certain portions of a deposition disclose either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information, each party must cause each copy of the transcript in its custody or control to be marked immediately.

22. Violation by any person of any term of this Order or of the Nondisclosure Agreement may be punishable as contempt of court. Any person or entity that produces "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and of the Nondisclosure Agreement, and may pursue all remedies available for violation thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

23. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at

any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

24.     Upon the final termination of this litigation, including any appeals, the parties have sixty (60) days within which they may petition the Clerk of Court to return to the party that filed them all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information, and documents and things containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that have been filed under seal with the Court.  Any and all originals and copies of Discovery Materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the producing party, destroyed in that time frame, except that Outside Counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include "CONFIDENTIAL" information, "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, or "HIGHLY CONFIDENTIAL – SOURCE CODE" information.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify Outside Counsel for the producing party of the subpoena so that the latter may protect its interests.  In the event that documents are returned to or destroyed at the request of the producing party, the other party or its Outside Counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.  The parties should agree to reasonable

extensions of time to complete the return of the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information, if necessary.

25. The restrictions set forth in any of the preceding paragraphs of this Order shall apply to source code previously produced by Defendant, but shall not apply to any other information that:

    a. was, is, or becomes public knowledge not in violation of this Order; or

    b. was lawfully possessed by the non-designating party prior to the date of this Order.

26. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction as necessary to enforce the terms of this Order. This Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

27. The parties agree to submit this Order for entry by the Court and to be bound by the terms prior to entry by the Court.

So ORDERED this the  24th   day of     December   , 2014.

_____
United States District Judge

CONSENTED TO:


By:  /s/ *John T. Kivus*  
    W. Swain Wood  
    NC State Bar No. 32037  
    John T. Kivus  
    NC State Bar No. 42977  
    Wood Jackson PLLC  
    1330 St. Mary's Street, Suite 460  
    Raleigh, NC  27605  
    Telephone:  (919) 829-7394  
    Facsimile:  (919) 829-7396  
    Email:  swood@woodjackson.com  
            jkivus@woodjackson.com  

*Attorneys for Corporate Web Solutions, Ltd.*

By:  /s/ *Anthony J. Biller*  
    Anthony J. Biller  
    NC State Bar No. 24117  
    David E. Bennett  
    NC State Bar No. 12864  
    COATS & BENNETT, PLLC  
    1400 Crescent Green, Suite 300  
    Cary, NC 27518  
    Telephone: (919) 854-1844  
    Fax: (919) 854-2084  
    Email:  abiller@coatsandbennett.com  
            dbennett@coatsandbennett.com  

*Attorneys for Sageworks, Inc.*

EXHIBIT A

The undersigned, having read the Consent Protective Order (the "Protective Order") entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

1.      All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2.      Such information and documents shall be disclosed to and discussed only with the parties' outside counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order executed a similar Nondisclosure Agreement. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

3.      The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4.      The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information

17

within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____ _____
Signature

_____
Printed Name

_____
Title

_____
Employers(s)